Maas v. Maas.

MARY MAAS

v.

HENRY MAAS.

A husband, who treated his wife with extreme cruelty and drove her from his house under a menace that he would kill her if she did not go, and threatened to have a constable put her out of his house when she returned and applied to him for support, was required to give security for the maintenance of his wife and child, a boy five years of age, notwithstanding his allegation and oath that he expelled her because he detected her in adultery, his testimony on the subject not being corroborated, but, on the other hand, being overborne by that of the wife and her alleged paramour.

Bill for alimony. On final hearing on pleadings and proofs.

*Mr. P. H. Gilhooly,* for complainant.

*Mr. T. F. McCormick,* for defendant.

THE CHANCELLOR.

This suit is brought to compel the defendant to provide a proper support for his wife, the complainant, and their child. On or about the 26th of May, 1880, he drove his wife from his house without making any provision for her support. They

lived in Elizabeth, where he still resides. He compelled her to go, under a threat that if she did not he would kill her. He has never provided anything for her since he drove her away. After she left his house, she was, up to the time of the payment of alimony *pendente lite* in this suit, wholly dependent for her support and that of her child—a boy of about five years of age —on her sisters, with whom she lives, in New York. They are single women, and maintain themselves by their labor. To her application to him for support, made in June following her expulsion, he returned an absolute and unqualified refusal, declaring that she was not his wife, and ordered her out of his house, threatening that if she did not go he would get a constable and put her out. That he had treated her with extreme cruelty in the preceding winter, there seems to be no reason to doubt, although he denies it. He attempts to justify his conduct in expelling her from his house in May and refusing to support her ever since, by the allegation that he detected her in the act of adultery in his house with a clerk of his, a day or two before he sent her away. But there is no proof of the truth of this allegation, except his own testimony, and that is not corroborated, while, on the other hand, she and the alleged paramour both distinctly and explicitly swear that his statement on the subject is absolutely and unqualifiedly false. The defence must be held to have failed, and it follows, under the evidence, that he must be required to support his wife. The child is between five and six years of age. The evidence does not show that the complainant is an unfit person to have charge of it. It is now in the city of New York with one of the complainant's sisters, before mentioned, whom the defendant permitted to take it when he drove his wife away. In fact, the child lives with its mother. A careful consideration of the testimony leads me to the conclusion that, in view of the defendant's property and his income from it and his business, he is well able to furnish reasonable support for his wife and child. There will therefore be an order that he pay his wife $10 a week for her support and maintenance and that of the child, and give security therefor, and that he pay the complainant's counsel a fee of $100.